IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2012

**ABRON SPRAGGINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 08-02312      W. Mark Ward, Judge**

**No. W2012-00561-CCA-R3-PC  - Filed October 31, 2012**

Much aggrieved by his convictions of aggravated assault and felony reckless endangerment, the petitioner, Abron Spraggins, sought post-conviction relief in the Shelby County Criminal Court, alleging that he was deprived of the effective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. On appeal, the petitioner contends that trial counsel performed deficiently by failing to introduce alibi evidence at trial and by failing to object to a police officer's testimony concerning his knowledge of the petitioner and that these omissions inured to his detriment. Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

R. Todd Mosley, Memphis, Tennessee, for the appellant, Abron Spraggins.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jennifer D. Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Shelby County Criminal Court jury convicted the petitioner of one count of aggravated assault and one count of felony reckless endangerment for threatening Charlesetta Patterson, the maternal grandmother of the petitioner's six-week old infant, and one of Ms. Patterson's children with a gun during an October 12, 2007 altercation concerning his taking the infant from Ms. Patterson's residence. The trial court imposed a Range II total effective sentence of 13 years' incarceration. This court affirmed the judgments on direct appeal. *See*

*State v. Abron Spraggins*, No. W2009-01073-CCA-R3-CD (Tenn. Crim. App., Jackson, May 7, 2010), *perm. app. denied* (Tenn. Nov. 18, 2010).

On February 7, 2011, the petitioner filed a timely petition for post-conviction relief alleging multiple instances of ineffective assistance of counsel. Following the appointment of counsel and the amendment of the petition, the post-conviction court held an evidentiary hearing.

The petitioner testified that trial counsel never met with him at the jail and only counseled him for a few minutes at each pretrial hearing. He said that he refused to accept any plea offers made by the State, claiming his innocence. The petitioner testified that he provided information to trial counsel regarding an alibi that he was living in Iowa with a woman named Ebony Wells at the time of the offense. To that end, he provided trial counsel documentary evidence concerning the issuance of an Iowa "EBT" card in his name for food stamps. He claimed that trial counsel refused to investigate or present any evidence concerning his purported alibi. The petitioner further claimed that a police officer testified at trial to his familiarity with the petitioner, referencing "past incidents."

On cross-examination, the petitioner acknowledged that trial counsel requested a continuance on the day of trial to investigate further and locate alibi witnesses, but the petitioner told the trial court that he did not want a continuance. He also admitted that the State made a plea offer of four years' incarceration on the day of trial, but he refused the offer.

Trial counsel testified that she met with the petitioner on each court date and also visited the petitioner in the jail. She said that she investigated the EBT card evidence from Iowa and learned that it was still being used after the petitioner's arrest, which "brought into issue . . . a fraud issue and another crime." Thus, she determined the EBT card evidence was not exculpatory and could possibly lead to the petitioner's arrest for other offenses. She recalled the petitioner's providing her with names and telephone numbers of purported Iowa witnesses. She said that she telephoned and left messages via the numbers, but she received no responses. She testified further, "We don't send investigators to Iowa." Regarding her failing to object to a police officer's reference of familiarity with the petitioner, she testified that the police officer said "[t]hat he knew [the petitioner] from the neighborhood." She determined it best not to object to this somewhat innocuous comment, rather than drawing further attention to the comment. Trial counsel also recalled the petitioner's opposition to a continuance on the day of trial.

With this evidence, the post-conviction court denied relief. The court specifically found that the petitioner had failed to establish that trial counsel was not

-2-

adequately prepared for trial. The court also found that the petitioner had failed to establish any claims relative to trial counsel's failure to present an alibi defense, noting that the petitioner did not present any alibi witnesses at the evidentiary hearing.

On appeal, the petitioner argues that he is entitled to post-conviction relief based upon his claims of ineffective assistance relative to trial counsel's failure to introduce alibi evidence and failure to object to the police officer's reference of familiarity with the petitioner. The State argues that the post-conviction court's denial of relief should be upheld.

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record supports the post-conviction court's denial of relief. Trial counsel testified that her investigation of the EBT card led her to conclude that someone other than the petitioner used the card while he was incarcerated in Shelby County, undermining any exculpatory value of the evidence and exposing the petitioner to criminal liability. She also testified that she was unable to locate any witnesses offered by the petitioner. Further, we note that the petitioner failed to present any purported alibi witnesses at the evidentiary hearing. In the absence of such evidence, the petitioner failed to establish these claims. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish his claim that counsel did not properly investigate or call a witness if he does not present the witness or evidence to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial). Likewise, trial counsel's decision not to draw further attention to the police officer's reference to the petitioner was tactical and not deficient performance.

Accordingly, we affirm the post-conviction court's order denying relief.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-